Defendant, the appellant herein, filed the following Assignment of Error:
"The Court erred when it granted the plaintiff's motion for a new trial in that the judgment is contrary to law and constitutes an abuse of discretion."
The judgment entry granting the appellee a new trial reads as follows:
"Plaintiff's motion for a new trial came on to be heard *Page 2 
on the 9th day of August 1971, and the Court finds that the significance of plaintiff's evidence in the light of the laws and principles of physics, of which the Court takes judicial notice, and which is not dependent primarily upon credibility for its weight, was never properly presented to the jury for an intelligent weighing so that plaintiff has not been accorded a fair trial * * *.
"The court, in its sound discretion, sustains the motion and vacates the judgment for the defendant heretofore entered herein on July 21, 1971, and awards plaintiff a new trial.
"Exceptions saved to defendant."
In brief, the trial court granted appellee a new trial because plaintiff-appellee's evidence was not, in his opinion, properly presented to the jury by the plaintiff. While it is the duty of a trial judge to require that evidence be presented to the trier of the facts according to the rules of evidence, the most advantageous manner of presentation of such evidence by a party is not a concern of the trial judge.
The granting of a new trial on the grounds that a party failed to properly present evidence to the trier of the facts is an abuse of discretion.
Accordingly, we reverse the judgment of the trial court and enter a final judgment for the defendant.
Judgment reversed.
JONES and HOFSTETTER, JJ., concur.
COOK, P. J., and JONES and HOFSTETTER, JJ., of the Eleventh Appellate District, sitting by designation in the Eighth Appellate District. *Page 3