**JONES, Appellant,**

v.

**BOOKER, Appellee.**

[Cite as *Jones v. Booker* (1996), 114 Ohio App.3d 67.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–375.

Decided Sept. 13, 1996.

68

*Lafe Tolliver,* for appellant.

*Randall C. Dixon* and *David Klucas,* for appellee.

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted a motion for a new trial filed by appellee, Ollie Booker. Appellant, William L. Jones, sets forth the following assignment of error:

"The lower court abused its discretion when it improperly granted the Defendant a new trial on the basis of exceptions that were not specified in its order nor legally recognizable by law or supported by fact."

The following facts are relevant to this appeal. In his complaint filed on July 29, 1993, appellant, an elderly man, alleged conversion by appellee of monthly Social Security and pension funds while appellant lived with and was under the care of appellee. A jury trial was held on August 3 and 4, 1995. Appellee proceeded *pro se.* The jury awarded appellant $35,000 in compensatory damages

and $5,000 in punitive damages. The jury found against appellee on her counterclaim for compensatory and punitive damages. The jury verdict was journalized on August 7, 1995. On August 21, 1995, appellee filed a motion for a new trial pursuant to Civ.R. 59(A). This motion was granted on November 8, 1995. In its judgment entry, the trial court stated the following three grounds for granting the motion: (1) that appellee was "lulled into a false sense of security by the dismissal of the first two actions,"[1] (2) that appellee lacked understanding of the proceedings, and (3) that justice demands that appellee be granted a new trial. This appeal was timely filed.

In his assignment of error, appellant argues that the trial court abused its discretion in granting the motion for new trial. Civ.R. 59(A) provides:

"(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

"(1) Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

" * * *

"In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

■ Because the trial court's grant of the motion for a new trial involved judicial discretion, this court must affirm a new trial order premised on a discretionary decision unless the complaining party demonstrates that the court abused its discretion. *Jenkins v. Krieger* (1981), 67 Ohio St.2d 314, 320, 21 O.O.3d 198, 201–202, 423 N.E.2d 856, 860–861. As noted by the court in *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 184, 7 OBR 229, 231, 454 N.E.2d 976, 979:

"It has been held that in relation to sustaining a motion for new trial, an abuse of discretion 'implies an unreasonable, arbitrary or unconscionable attitude upon the part of the court.' However, * * * such definitions abound in generalities which acquire purpose and meaning only as applied in particular cases. A careful review of the evidence in the instant case reveals that the verdict has at least a semblance of credibility. A trial court abuses its discretion in granting a motion for new trial after a jury verdict where substantial evidence supports its verdict." (Citations omitted.)

■ Furthermore, "[t]he granting of a new trial on the grounds that a party failed to properly present evidence to the trier of the facts is an abuse of

---

1. A prior civil action was filed by appellant against appellee and dismissed. Additionally, a criminal prosecution was also filed but dismissed.

discretion." *Tanton v. Zubkowicz* (1972), 43 Ohio App.2d 1, 2, 64 O.O.2d 403, 404, 331 N.E.2d 737–738.

It is well settled that *"[p]ro se* civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Meyers v. First Natl. Bank* (1981), 3 Ohio App.3d 209, 210, 3 OBR 238, 239, 444 N.E.2d 412, 413.

■ Upon consideration of the above cited law and the record in this case, appellant's single assignment of error is found well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.