OPINION
{¶ 1} Nancy E. Lee appeals from a judgment of the Montgomery County Court, Area Two, which granted summary judgment to Great Seneca Financial Corp. in the amount of $647.26, plus interest.
 {¶ 2} On January 28, 2005, Great Seneca filed a complaint against Lee claiming that she owed $647.26 on a credit card account. Lee responded by letter to the court stating that she did not recall borrowing any money from Great Seneca or from its predecessor in interest, Wells Fargo. On March 16, 2005, Great Seneca served Lee with its first set of interrogatories, a request for the production of documents, and requests for admission. Lee did not respond. Great Seneca moved for summary judgment on the ground that, if the requests for admission were deemed admitted because of Lee's failure to respond, there was no genuine issue of material fact. On May 23, 2005, the trial court granted summary judgment.
 {¶ 3} Lee filed a notice of appeal, which was followed by a two sentence letter to this court. Lee has not filed a brief that complies with App.R. 16, but we have treated her letter as a brief. In her letter, Lee asserts that she "never applied for or received any money" from Great Seneca or Wells Fargo.
 {¶ 4} Our review of the trial court's judgment requires a close examination of Great Seneca's requests for admission. The requests for admission pertained to the following facts: 1) Lee had entered into a credit card agreement with Wells Fargo; 2) Lee had borrowed money on the credit card; 3) Lee had failed to repay the amount owed in accordance with the terms of the credit card; 4) there remained a balance of $647.26, plus interest, owed on the account in question; 5) Lee had been required to pay the credit card debt; and 6) she had failed to do so. In the absence of a genuine issue of material fact as to one or more of these facts, Great Seneca was entitled to judgment against Lee on the credit card debt.
 {¶ 5} Civ.R. 36(A) requires that a party to whom requests for admissions have been directed must answer or object, in writing, within a designated time period. "Unanswered requests for admission render the matter requested conclusively established for the purpose of the suit, * * * and a motion for summary judgment may be based on such admitted matter." Klesch v. Reid
(1994), 95 Ohio App.3d 664, 674, 643 N.E.2d 571 (citations omitted); Central Ins. Co. v. Yeldell (Oct. 5, 2001), Montgomery App. No. 18888. Although Lee proceeded pro se, she was subject to the same rules as counsel and "must accept the results of [her] own mistakes and errors." Meyers v. First Natl. Bank ofCincinnati (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412. The consequence of her failure to respond to the request for admissions was that there was no genuine issue of material fact as to the validity of Great Seneca's claim. Thus, the trial court did not err in granting summary judgment in favor of Great Seneca.
 {¶ 6} Lee's argument is overruled.
 {¶ 7} The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.