OPINION
{¶ 1} Defendant-appellant, Anthony C. Pryor ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted summary judgment in favor of plaintiff-appellee, State of Ohio, Crime Victims Reparations *Page 2 
Fund ("appellee"), on its claims for reimbursement of reparations paid on behalf of victims of appellant's criminal acts.
 {¶ 2} The record reveals that on November 30, 2006, appellee moved the trial court for summary judgment. In support thereof, it attached to its motion certified copies of the indictments and sentencing entries for appellant and his co-defendant, and certified copies of appellee's Findings of Fact and Decisions in favor of the victims of appellant's crimes. On December 21, 2006, appellant filed a late response to the motion. Therein, he argued that he and appellee had entered into a contract the terms of which provided that he would pay a significantly lower amount than appellee sought; however, he attached no evidentiary material to support this argument, and he attached no evidentiary material to counter appellee's argument that no genuine issue of material fact existed as to its claims. On December 28, 2006, appellee filed a reply memorandum, accompanied by additional evidentiary materials demonstrating that the parties never entered into a contract. On January 18, 2007, the trial court issued a decision and entry granting appellee's motion for summary judgment.
 {¶ 3} Appellant timely appealed and advances five assignments of error for our review, as follows:
 FIRST ASSIGNMENT OF ERROR
 IT WAS PREJUDICIAL ERROR TO GRANT PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF NO GENUINE ISSUE OF MATERIAL FACT EXISTED, AND THE TECHNICAL ERROR OF DEFENDANT-APPELLANT MEETING THE BURDEN OF CIV. R. 56(E). *Page 3 
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED A REVERSIBLE ERROR AND PREJUDICED THE APPELLANT WHEN IT FAILED TO RECOGNIZE THAT THE APPELLEE AND APPELLANT DID IN FACT HAVE A CONTRACT BETWEEN THE TWO PARTIES, AND THAT CONTRACT WAS BREACHED BY THE APPELLEE.
 THIRD ASSIGNMENT OF ERROR
 A DEFENDANT DEMONSTRATES GENUINE ISSUES OF MATERIAL FACT WHEN HE HAS SHOWN THE COURT THAT PLAINTIFF IS IN BREACH OF CONTRACT AND IS ATTEMPTING TO DOUBLE BILL THE DEFENDANTS (EXTORTION AND FRAUD).
 FOURTH ASSIGNMENT OF ERROR
 HOW DOES THE APPELLEE AND COURT BILL DEFENDANT FOR MONEY COMPENSATION WHERE THERE IS NO LEGAL OBLIGATION TO THE PARTIES THAT DEFENDANT IS BEING BILLED FOR, OR THE APPELLEE HAS NO JURISDICTION OF?
 FIFTH ASSIGNMENT OF ERROR
 SHOULD A DEFENDANT THAT IS INCARCERATED BE BILLED INTEREST ON AN AMOUNT, WHEN THE PLAINTIFF AND COURT KNOWS THAT IT IS FINANCIALLY IMPOSSIBLE FOR THE DEFENDANT TO PAY SAID AMOUNT OF JUDGMENT?
 {¶ 4} We begin with appellant's first assignment of error, which is dispositive of this appeal. Therein, he argues that the trial court erred in granting summary judgment to appellee on the basis that appellant failed to meet his reciprocal burden under Civ.R. 56(E), to demonstrate the existence of a genuine issue of material fact.
 {¶ 5} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is *Page 4 
proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. State exrel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183,677 N.E.2d 343.
 {¶ 6} Summary judgment is governed by Civ.R. 56, which provides, in relevant part:
 (A) For party seeking affirmative relief.
 A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action.
 * * *
 (C) Motion and proceedings.
 * * * The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. *Page 5 
 * * *
 (E) Form of affidavits; further testimony; defense required.
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
(Emphasis added.)
 {¶ 7} If the moving party has satisfied its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden, outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. If the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 8} The record reveals that appellee met its initial burden to demonstrate the absence of a genuine issue of material fact. According to the plain language of Civ.R. 56, because appellee met its initial burden, and appellant submitted no materials setting forth specific facts to demonstrate the existence of a genuine issue of material fact, the trial court was required to grant summary judgment in favor of appellee. *Page 6 
 {¶ 9} But appellant argues that he should be held to a less stringent standard because he is a nonlawyer and, he claims, was not aware of his reciprocal burden under Civ.R. 56(E). However, "with respect to procedural rules, pro se litigants are to be held to the same standards as members of the bar." Asset Acceptance, LLC v. Evans, Franklin App. No. 04AP-36, 2004-Ohio-3382, ¶ 9. In Justice v. Lutheran SocialServs. (Apr. 8, 1993), Franklin App. No. 92AP-1153, we held:
 While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.
Id., 1993 Ohio App. LEXIS 2029, at *6; see, also, Jones v. Booker
(1996), 114 Ohio App.3d 67, 70, 682 N.E.2d 1023.
 {¶ 10} Because the trial court correctly granted summary judgment in favor of appellee and against appellant, we overrule appellant's first assignment of error. Our disposition of appellant's first assignment of error renders his remaining assignments of error moot. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1