OPINION
{¶ 1} Appellant, Delores Karnofel ("Ms. Karnofel"), appeals in Case No. 2007-T-0036 the Trumbull County Court of Common Pleas' January 22, 2007 order granting summary judgment in favor of defendants-appellees Kmart Corporation ("Kmart") and D.R. Herbert Food Equipment, Inc. ("D.R. Herbert"). Ms. Karnofel also appeals in Case *Page 2 
No. 2007-T-0064 the Trumbull County Court of Common Pleas' June 5, 2007 order denying her motion for leave to amend her complaint. The two appeals were consolidated for our review. For the reasons that follow, we affirm the decision of the trial court in Case No. 2007-T-0036 and dismiss the appeal in Case No. 2007-T-0064.
 {¶ 2} Statement and Facts and Procedural History
 {¶ 3} On May 22, 2004, Ms. Karnofel sustained injuries to her right knee and right hip while riding on and operating an electric mobility cart while shopping at the Kmart store located at Niles-Cortland Road in Warren, Ohio. On May 18, 2006, Ms. Karnofel filed a pro se complaint against Kmart and D.R. Herbert alleging that the defendants "engaged in the manufacturing, distribution and service business of electric mobility carts" and that the defendants negligently maintained the cart on which she was riding, which caused her to be thrown forward and to sustain injuries.
 {¶ 4} On September 7, 2006, D.R. Herbert filed a motion for summary judgment. Attached to the motion was the affidavit of the company's president, David R. Herbert ("Mr. Herbert"). In the affidavit, he averred that D.R. Herbert does not manufacture, distribute, rent, or supply any make or model of any type of electric mobility cart. Mr. Herbert conceded that the company services mobility carts and that it placed its service labels on the carts at Kmart. However, he averred that no one at D.R. Herbert ever received a service call from Kmart nor did it ever service any electric mobility carts at the Kmart store in question. Mr. Herbert said that he told Ms. Karnofel that the company had never serviced any carts from Kmart prior to her filing the lawsuit.
 {¶ 5} On December 6, 2006, defendant Kmart filed a motion for summary judgment. Kmart maintained that there were no genuine issues of material fact because *Page 3 
Ms. Karnofel could not identify which electric cart was allegedly negligently maintained. Furthermore, according to the attached affidavit of Kmart's loss prevention associate, all carts were tested but no operational problems or defects were found with any of the carts. He further averred that Ms. Karnofel had called him two days after the accident and that he had asked her to come into the store to fill out an incident report, but she had failed to do so.
 {¶ 6} In an entry dated January 18, 2007 and journalized on January 22, 2007, the trial court granted summary judgment in favor of defendants. Also on January 22, 2007, but after the summary judgment entry had been filed, Ms. Karnofel filed a motion for leave to file an amended complaint. She sought to amend the complaint to add two new parties: "name unknown" and Amigo Mobility, an entity she believed manufactured the mobility carts. She further alleged that due to her thyroid condition she had difficulty concentrating and failed to include in her original complaint a claim that there were obstacles (a pole and a fire extinguisher) that obstructed her safe entranceway into the aisle where the accident occurred.
 {¶ 7} On March 15, 2007, Ms. Karnofel appealed the trial court's granting of summary judgment.[1] Subsequently, on May 21, 2007, Ms. Karnofel filed her second motion to amend the complaint again alleging that since D.R. Herbert was not the manufacturer of the cart, it was necessary to name Amigo Mobility International, Inc. She further alleged that her injuries were caused by the difficult layout of the store. In an order dated June 5, 2007, the trial court denied Ms. Karnofel's motion to amend the *Page 4 
complaint on the ground that because it already granted summary judgment and entered a final judgment, it no longer retained jurisdiction over the case. Ms. Karnofel appealed that order, which forms the basis of Case No. 2007-T-0064.
 {¶ 8} Ms. Karnofel raises five assignments of error in Case No. 2007-T-0036:
 {¶ 9} "[1.] The lower court abused its discretion when it failed to grant plaintiffs leave of court to amend complaint and approve statement of evidence.
 {¶ 10} "[2.] The lower court abused its discretion by issuing a judgment that was not supported by reliable evidence.
 {¶ 11} "[3.] Plaintiffs constitutional right to the fourteenth amendment-due process of law was denied.
 {¶ 12} "[4.] The lower court abused its discretion by committing prejudicial and reversible error by granting summary judgment for defendants.
 {¶ 13} "[5.] By plaintiff failing to compel the lower court to approve statement of evidence and leave to amend complaint, as well as failing to compel defendants to answer interrogatories, does not prevent plaintiff from recovering damages."
 {¶ 14} The January 22, 2007 order from which Ms. Karnofel appeals from in Case No. 2007-T-0036 granted summary judgment in favor of Kmart and D.R. Herbert. Although Ms. Karnofel raises other issues in this appeal, including the issue of whether the trial court erred in failing to allow her to amend her complaint and approve her "statement of evidence," as we stated in our September 20, 2007 judgment entry, we are limited in our discussion to the trial court judgment on appeal which granted summary judgment in favor of appellees. Thus, the only pertinent issue before us is *Page 5 
whether summary judgment was properly granted in appellees' favor.
 {¶ 15} Standard of Review
 {¶ 16} Summary judgment is appropriate under Civ.R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence in favor of the nonmoving party, that conclusion favors the moving party. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 17} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, ¶ 8, citing Hagood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, ¶ 13. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Id.
 {¶ 18} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply *Page 6 
by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v.Wheeler (1988), 38 Ohio St.3d 112." Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 40.
 {¶ 19} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, is too broad and fails to account for the burden Civ.R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMisteff. (Emphasis added.)" Id. at ¶ 41.
 {¶ 20} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Id. at 276. (Emphasis added.)'" Id. at ¶ 42. *Page 7 
 {¶ 21} Whether Granting of Summary Judgment Was An Abuse ofDiscretion
 {¶ 22} Ms. Karnofel contends that summary judgment was inappropriately granted in appellees' favor. She argues that Kmart owed her a duty of care to guard against any dangerous conditions in the store and that Kmart should have posted warning signs alerting customers to ride the electric mobility carts at their own risk and should have also warned patrons of "hidden dangers, due to the layout of the store."
 {¶ 23} Ms. Karnofel's complaint alleged that the defendants were engaged in the manufacturing, distribution and service business of electric mobility carts, and that she was injured as a result of the defendants' negligence in failing to reasonably maintain the cart. Summary judgment was properly granted in favor of D. R. Herbert since its president established by affidavit that the company did not service any of the electric mobility carts at the Kmart store.
 {¶ 24} With respect to Kmart, in order to maintain an action for negligence, Ms. Karnofel must show "the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom." Texler v.D.O. Summers (1988), 81 Ohio St.3d 677, 680; Lewis v. Ritondaro FuneralHome, Inc., 11th Dist. No. 2006-G-2693, 2007-Ohio-463, at ¶ 19. In its brief in support of its motion for summary judgment, the affidavit of Kmart's loss prevention associate established that all carts were tested and found to be in working order. Thus, although Kmart owed Ms. Karnofel, as a business invitee, a duty of care to provide her with premises in a reasonably safe condition (see Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203), there is no evidence that Kmart breached that duty of care or caused Ms. Karnofel's injuries. Without proof of a *Page 8 
malfunctioning cart, Ms. Karnofel cannot establish that Kmart was negligent in failing to reasonably maintain the cart. Ms. Karnofel's own statement that the cart malfunctioned was not submitted in affidavit form and cannot be used to create an issue of fact on this point.
 {¶ 25} As the non-movant, Ms. Karnofel "bore the responsibility of pointing to some evidence in the record, and supporting it, to raise a genuine issue of material fact." Countrywide Home Loans, Inc. v.Poppy, 11th Dist. No. 2003-L-134, 2004-Ohio-5936, at ¶ 31, citing Civ.R.56(E), "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."
 {¶ 26} We reject Ms. Karnofel's argument that the trial court should have considered in opposition to the motions for summary judgment a letter she received from Ohio Mobility, a company that allegedly received a service call to supply Kmart with a battery charger fifteen months prior to the accident. It was Ms. Karnofel's burden to submit evidentiary materials in accordance with Civ.R. 56(E) setting forth specific facts to demonstrate the existence of a genuine issue of material fact. Civ.R. 56(E) specifically states that sworn or certified copies of documents must be submitted along with an affidavit. An unsworn letter is not the type of evidence a trial court may consider under Civ.R. 56.
 {¶ 27} Although this may seem to be a technicality to a non-attorney, the Ohio Rules of Civil Procedure must be followed regardless of whether the litigant is *Page 9 
represented by counsel or appears pro se. As the court noted inState v. Pryor, 10th Dist. No. 07-AP-90, 2007-Ohio-4275: "While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel." Id. at ¶ 9, citing In Justicev. Lutheran Social Servs. (Apr. 9, 1993), 10th Dist. No. 92AP-1153, 1993 Ohio App. LEXIS 2029, 6. Thus, although we recognize the difficult task pro se litigants face when representing themselves, we must adhere to the established rule that "[p]ro se litigants are held to the same standard as other litigants and are not entitled to special treatment."In Re: Salsgiver, 11th Dist. No. 2003-G-2514, 2003-Ohio-6420, at ¶ 46, citing Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363.
 {¶ 28} Because Ms. Karnofel did not comply with the requirement of Civ.R. 56(E) and failed to rebut the affidavit of Kmart's loss prevention associate, we find that the trial court did not abuse its discretion in refusing to consider the letter from Ohio Mobility.
 {¶ 29} Ms. Karnofel also argues that Kmart was negligent because the store layout, with its narrow aisles, made it difficult for her to maneuver the cart and caused her to injure herself. This claim, which was alleged in Ms. Karnofel's motion to amend her complaint, was not part of the trial court's decision granting summary judgment and is not properly before this court. Nevertheless, we note that if it was properly before us, there is no evidence to support this claim or to raise a genuine issue of material fact to defeat the granting of summary judgment. *Page 10 
 {¶ 30} We find that the trial court acted within its discretion in granting D.R. Herbert and Kmart's motions for summary judgment. We overrule Ms. Karnofel's assignments of error.
 {¶ 31} In Case No. 2007-T-0064, Ms. Karnofel raises three assignments of error:
 {¶ 32} "[1.] The lower court abused its discretion when it failed to grant plaintiffs motion for leave to amend the complaint.
 {¶ 33} "[2.] Plaintiffs constitutional right to the fourteenth amendment-due process of law-was violated.
 {¶ 34} "[3.] The lower court abused its discretion by committing prejudicial and reversible error by not granting plaintiffs motion to amend the complaint, and granting summary judgment for defendants."
 {¶ 35} Ms. Karnofel's appeal in Case No. 2007-T-0064 stems from the trial court's denial of her second leave to amend her complaint, which she filed on May 21, 2007, nearly four months after the trial court entered final judgment in favor of D.R. Herbert and Kmart, on January 22, 2007. Because the trial court had already entered final judgment and because an appeal of that decision was taken, the trial court correctly determined that it was without jurisdiction to consider Ms. Karnofel's motion to amend her complaint.
 {¶ 36} "As a general proposition, once an appeal has been taken from a judgment of a trial court, that court only retains the authority to take actions which are not inconsistent with the jurisdiction of the appellate court; in other words, the trial court is divested of all jurisdiction except to act in aid of the appeal."Willoughby-Eastlake City School Dist. V. Lake Cty. Court of CommonPleas (Apr. 21, 2000), 11th Dist. No. *Page 11 
99-L-130, 2000 Ohio App. LEXIS 1758, 9, citing McAuley v. Smith (1998),82 Ohio St.3d 393, 395; Yee v. Erie Cty. Sheriff's Dep't. (1990),51 Ohio St.3d 43, 44.
 {¶ 37} Since the trial court was divested of jurisdiction at the time Ms. Karnofel filed her motion to amend her complaint, this court also lacks jurisdiction to address the issue raised in this appeal. However, even if this issue was properly before us, we would still find no error in the court's refusal to allow Ms. Karnofel to amend her complaint.
 {¶ 38} A trial court's ruling on a motion to amend a complaint is reviewed under an abuse of discretion standard. Wilmington Steel Prods.,Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122. An abuse of discretion involves more than an error of judgment but connotes that the trial court's attitude was unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 39} Civ.R. 15(A) provides that, once a responsive pleading is made, a party may amend his pleading only by leave of court or by written consent of the adverse party. Although leave of court may be given when justice so requires, in this case, the trial court had already granted summary judgment in favor of the defendants. The motion to amend the complaint was filed after the court held an oral argument on the motions for summary judgment and after it had disposed of the underlying lawsuit. Under these circumstances, there was no abuse its discretion in failing to grant Ms. Karnofel's motion to amend her complaint.
 {¶ 40} Because the court was divested of jurisdiction when Ms. Karnofel filed this motion, we dismiss the appeal in Case No. 2007-T-0064. *Page 12 
 {¶ 41} The judgment of the Trumbull County Court of Common Pleas is affirmed in Case No. 2007-T-0036 and the case is dismissed in Case No. 2007-T-0064.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] The notice of appeal was filed on March 15, 2007 in Case No. 2007-T-0036 but was deemed timely filed because although the court's order was journalized on January 22, 2007, service was not perfected until February 27, 2007. *Page 1