[Cite as *Harshman Dynasty, L.L.C. v. Mason*, 2014-Ohio-1108.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

HARSHMAN DYNASTY, LLC

       Plaintiff-Appellee

v.

HOWARD MASON

       Defendant-Appellant


Appellate Case No.   25873

Trial Court Case No.   2011-CV-3793


(Civil Appeal from
 Municipal Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of March, 2014.

. . . . . . . . . . .

CLIFF G. LINN, Atty. Reg. No. 0008696, 10810 Indeco Drive, Suite 1010, Cincinnati, Ohio 45241
      Attorney for Plaintiff-Appellee

WORRELL A. REID, Atty. Reg. No. 0059620, 6718 Loop Road, #2, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   In this case, we are asked to decide if the trial court erred when it granted Appellee's unopposed motion for summary judgment.  The motion relied on facts that were deemed admitted pursuant to Civ. R. 36, based on Appellant's failure to timely deny requests for admissions submitted by Appellee.  We are also asked to decide if the trial court abused its discretion when it overruled Appellant's Civ.R. 60(B) motion for relief from judgment.

{¶ 2}   We conclude that the trial court did not err when it granted summary judgment based on facts deemed admitted pursuant to Civ.R. 36. The court also did not abuse its discretion in overruling Appellant's Civ.R. 60(B) motion, where Appellant failed to respond to a motion for summary judgment.   Appellant's pro se status did not constitute excusable neglect for purposes of Civ.R. 60(B), because the same procedural rules apply to both pro se parties and litigants who are represented by counsel.   Accordingly, the judgment of the trial court will be affirmed.


I.   Facts and Course of Proceedings

{¶ 3}   On August 1, 2010, Plaintiff-Appellee, Harshman Dynasty, LLC ("Harshman"), as landlord, and The Dayton Computer Shop, LLC, as tenant, entered into a commercial lease. Defendant-Appellant, Howard Mason, signed the lease as CEO of The Dayton Computer Shop, LLC.  Mason also personally signed an unconditional guaranty.

{¶ 4}   Harshman's complaint against Mason was filed on June 22, 2011, and was originally defended by Mason, acting pro se.  On October 14, 2011, Harshman served Mason with requests for admissions, but Mason failed to respond.  In December 2011, Harshman was granted leave to file an amended complaint, updating the amount of rent due to $12,730.33, based

on the fact that unpaid rent on the lease continued to accrue.

{¶ 5}    On December 28, 2011, Harshman filed a motion requesting the court to deem certain facts to be admitted.  Mason did not respond to this motion, either.  Consequently, on January 13, 2012, the trial court deemed the following facts admitted pursuant to Civ. R. 36: (1) that Mason executed the original of the lease; (2) that Mason executed the original unconditional personal guarantee; and (3) that Harshman's tenant ledger regarding debits and credits to Mason's lease was accurate.

{¶ 6}    Harshman also sought leave to file summary judgment regarding its complaint on December 28, 2011, and the trial court granted leave on January 13, 2012.  Subsequently, on January 18, 2012, the court ordered Mason to file his response to the summary judgment motion within 21 days.  Again, Mason failed to respond.

{¶ 7}    On February 16, 2012, the trial court filed an order granting the motion for summary judgment, and awarded judgment against Mason in the amount of $12,730.03, plus interest and costs.  Mason did not respond to this order, either.

{¶ 8}    Subsequently, on April 9, 2012, Mason filed a motion for relief from judgment pursuant to Civ.R. 60(B).  This time, Mason had assistance of counsel.   Although the court held a hearing on the motion on November 29, 2012, we have not been provided with a transcript of the hearing.   However, the court's decision indicates that Mason's counsel argued at the hearing that Mason had meritorious defenses to present, and that Mason failed to respond to the requests for admissions and to the motion for summary judgment because he was defending the action pro se.   There is no indication that Mason offered evidence at the Civ.R. 60(B) hearing. Harshman argued at the hearing that Mason had failed to demonstrate excusable neglect.   On

July 9, 2013, the trial court denied Mason's motion for relief from judgment.

{¶ 9}     Mason appeals from the denial of his motion for relief from judgment, and from the summary judgment decision, which he claims was not properly served under Civ.R. 58(B).

## II.  FIRST ASSIGNMENT OF ERROR

{¶ 10}     Mason's first assignment of error states that:

The entry granting summary judgment filed on 2/16/12 which is subject to review on this appeal, is contrary to law because there were unresolved issues of material fact and the Appellee was not entitled to judgment as a matter of law.

{¶ 11}     Under this assignment of error, Mason contends that there were genuine issues of material fact precluding summary judgment, including the statements in his answer, which raised issues of whether the rent was paid, whether forgery occurred, and whether Harshman failed to mitigate its damages.   Assuming for purposes of argument that Mason can challenge the summary judgment decision despite his failure to appeal from that judgment, we note that, pursuant to Civ.R. 36(A)(1), Mason admitted the facts pertinent to summary judgment by failing to timely deny the requests for admissions that Harshman filed.   Mason also did not respond to Harshman's motion of December 27, 2011, which asked the trial court to deem these facts admitted.

{¶ 12}     Notably, Mason has not challenged the trial court's order that deemed the facts admitted, based on Mason's failure to timely respond to the requests for admissions. Unanswered requests for admission are ordinarily deemed conclusively admitted for all purposes of the action.  *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E. 2d 1052 (1985).

Such admissions will support a motion for summary judgment rendered against a pro se defendant. (Citations omitted.) *Great Seneca Financial Corp. v. Lee*, 2d Dist. Montgomery No. 21134, 2006-Ohio-2123, ¶ 5.

{¶ 13} According to Mason, summary judgment was improper because his liability as the guarantor is necessarily secondary to the liability of The Dayton Computer Shop, LLC, which was the principal debtor. In support of this proposition, Mason relies on *Madison Natl. Bank of London, Ohio v. Weber*, 117 Ohio St. 290, 158 N.E. 543 (1927), which made certain distinctions between the obligations of sureties and guarantors. *Id.* at 293. This argument ignores the language of the personal guaranty, which waived any such requirements. In this regard, the Retail Lease Agreement signed by Mason states as follows:

> This Guaranty is an absolute and unconditional Guaranty of payment and of performance. It shall be enforceable against the Guarantor without the necessity of any suit or proceeding on Landlord's part of any kind or nature whatsoever against Tenant, and without the necessity of any notice of non-payment, nonperformance, or non-observance or of any notice of acceptance of Guaranty or of any other notice or demand to which the Guarantor might otherwise be entitled, all of which the Guarantor hereby expressly waives; and the Guarantor hereby expressly agrees that the validity of this Guaranty and the obligations of the Guarantor hereunder shall in no way be terminated, affected, diminished or impaired by reason of the assertion or the failure to assert by Landlord against Tenant of any of the rights or remedies reserved to Landlord pursuant to the provisions of the Lease. Doc.#12, Exhibit A, pp. 27-28.

{¶ 14} Under the terms of the lease agreement, Mason expressly waived the defenses he now asserts, when he signed the Guaranty. The trial court, therefore, did not err in rendering summary judgment in favor of Harshman.

{¶ 15} Accordingly, Mason's first assignment of error is overruled.

## III.   SECOND ASSIGNMENT OF ERROR

{¶ 16} Mason's second assignment of error states that:

The trial court's entry denying Defendant's motion for relief from judgment filed on 7/18/13 was contrary to law and an abuse of discretion.

{¶ 17} Under this assignment of error, Mason contends that he is entitled to relief from the order granting summary judgment because he had meritorious defenses to present to the complaint. Specifically, Mason claims that he terminated the lease pursuant to the lease provisions, and that he was not personally liable on the lease because he signed the lease in his capacity as CEO.

{¶ 18} Mason is not entitled to Civ.R. 60(B) relief for two reasons. As an initial matter, a litigant who fails to respond to a motion for summary judgment ordinarily may not later litigate the issues that could have been raised in the motion. *See Pittsburgh Press Co. v. CabinetPak Kitchens of Columbus, Inc.*, 16 Ohio App. 3d 167, 168, 475 N.E. 2d 133 (10th Dist.1984); *Huegel v. Trumbull Mem. Hosp.*, 11th Dist. Trumbull Nos. 2002-T-0052, 2002-T-0053, 2003-Ohio-4364, ¶ 13; and *Brigadier Constr. Servs., LLC v. JLP Glass Prods., Inc.*, 8th Dist. Cuyahoga No. 98672, 2013-Ohio-825, ¶ 23. If allowed, such practice would "undermine the purposes of Civil Rules 56 and 60(B)" and create a ready avenue for delay.

*Brigadier* at ¶ 23.

**{¶ 19}**   Secondly, Mason has not affirmatively demonstrated that the trial court abused its discretion when it denied his Civ.R. 60(B) motion.   Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment.

**{¶ 20}**   "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."   *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶ 21}**   All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met.   (Citation omitted.)   *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994), and *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.   Stated more concisely, to prevail on a Civ.R. 60(B) motion, movants must show that they have a meritorious claim or defense to present, that they are entitled to relief under at least one of the grounds found in Civ.R. 60(B)(1) through (5), and that the motion is timely.   *Longworth v. Montgomery Cty. Treasurer*, 2d Dist. Montgomery No. 25058, 2012-Ohio-4442, ¶ 11.

**{¶ 22}** We review the denial of a Civ.R. 60(B) motion for an abuse of discretion. *Id.* at ¶ 12. An "abuse of discretion" means "an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *Id.* " 'It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.' " *Id., quoting AAAA Ents., Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). " 'A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.' " *Ray v. Ramada Inn N.*, 2d Dist. Montgomery No. 25140, 2012-Ohio-6226, ¶ 8, quoting *AAAA Ents., Inc.* at 161.

**{¶ 23}** Our review of the record indicates that Mason failed to demonstrate excusable neglect for his lack of response. Mason was served with the complaint on August 19, 2011, and represented himself pro se until April 9, 2012, after summary judgment had been granted. Mason failed to respond to the request for admissions, the motion to deem admissions admitted, and the motion for summary judgment, even after the trial court specifically granted Mason 21 days to respond to the summary judgment motion.

**{¶ 24}** Furthermore, Mason failed to contact the court at any time until he filed the motion for relief from judgment. Mason also never filed any affidavits supporting the allegations that comprise his defenses, at either the summary judgment stage or the Civ.R. 60(B) stage of litigation.

**{¶ 25}** Significantly, Mason provided no excuse beyond his pro se status. Courts have

repeatedly held, however, that pro se parties are held to the same standards as members of the bar with respect to procedural matters. *See, e.g.*, *Karnofel v. Kmart Corp.*, 11th Dist. Trumbull Nos. 2007-T-0036, 2007-T-0064, 2007-Ohio-6939, ¶ 27, and *State of Ohio, Crime Victims Reparations Fund v. Pryor*, 10th Dist. Franklin No. 07AP-90, 2007-Ohio-4275, ¶ 9, citing *Asset Acceptance, LLC v. Evans*, 10th Dist. Franklin No. 04AP-36, 2004-Ohio-3382,¶ 9.

**{¶ 26}**    In this regard, The Tenth District Court of Appeals stated that:

> "While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel. * * * [S]ee, also, *Jones v. Booker* (1996), 114 Ohio App.3d 67, 70, 682 N.E.2d 1023**.**" *Pryor* at ¶ 9, quoting *Justice v. Lutheran Social Servs. of Cent. Ohio*, 10th Dist. Franklin No. 92AP-1153, 1993 WL 112497, *2 (April 8, 1993).

**{¶ 27}**    In 2006, we reviewed a similar case in which a pro se defendant failed to respond to requests for admission, the facts were deemed admitted, and summary judgment was granted against her. In this regard, we stated that:

> Although Lee [the defendant] proceeded pro se, she was subject to the same rules as counsel and "must accept the results of [her] own mistakes and errors." *Meyers v. First Natl. Bank of Cincinnati* (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412. The consequence of her failure to respond to the request for admissions was that there was no genuine issue of material fact as to the validity of Great Seneca's claim. Thus, the trial court did not err in granting summary judgment in favor of Great Seneca.

*Great Seneca Fin. Corp. v. Lee,* 2d Dist. Montgomery No. 21134, 2006-Ohio-2123, at ¶ 5**.**

**{¶ 28}** Mason is likewise held to the same standards as other litigants. Because Mason failed to demonstrate excusable neglect, the trial court did not abuse its discretion in refusing to grant the Civ.R. 60(B) motion for relief from judgment. Accordingly, the second assignment of error is overruled.

## IV. Conclusion

**{¶ 29}** All of Mason's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J.,     concur.

Copies mailed to:

Cliff G. Linn
Worrell A. Reid
Hon. Carl Sims Henderson