[Cite as *Poly-Pro Solutions, Inc. v. Dipaolo Indus. Dev., L.L.C.*, 2014-Ohio-2033.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| POLY-PRO SOLUTIONS, INC., ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P. J. |
| Plaintiffs - Appellees | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| DIPAOLO INDUSTRIAL DEVELOPMENT, | : | Case No. 2013CA00153 |
| LLC., ET. AL. | : | |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
of Common Pleas, Case No.
2012CV01017



JUDGMENT:        Affirmed



DATE OF JUDGMENT:        May 12, 2014




APPEARANCES:

For Plaintiffs-Appellees                    For Defendants-Appellants

JAMES T. ROBERTSON                MICHAEL L. FORTNEY
WILLIAM S. PIDCOCK                   JOSEPH SPOONSTER
236 Third Street S.W.                    Fortney & Klingshirn
Canton, OH 44702                        4040 Embassy Parkway, Suite 280
                                                   Akron, OH 44333

*Baldwin, J.*

{¶1} Appellants DiPaolo Industrial Development, LLC and Sergio DiPaolo appeal a judgment of the Stark County Common Pleas Court awarding appellee Poly-Pro Solutions, Inc. judgment of $25,000.00 on an action for breach of contract.

STATEMENT OF FACTS AND CASE

{¶2} In the fall of 2011, the parties entered into discussions for appellee to purchase industrial machinery, including grinders, blenders, and a control panel to run the machinery, from appellants. On October 2, 2011, appellants sent appellee an email containing photographs of the equipment. The photographs did not show the interior of the control panel. Jeff Goss, president of appellee, visited the DiPaolo plant to inspect the equipment which would be the subject of the purchase. He opened the control panel at that time, and noted that all the wiring was attached. On November 2, 2011, appellants sent additional photographs to appellee which again did not show the interior of the control panel.

{¶3} On November 2, 2011, the parties entered into a purchase agreement for the equipment. The parties orally agreed that appellants would be responsible for disassembling the equipment at their place of business and installing it at appellee's place of business. The terms of payment for the equipment were modified by email on November 17, 2011.

{¶4} Upon payment of a $20,000.00 deposit on November 22, 2011, and an additional $80,000.00 pursuant to the terms of the payment agreement, appellants shipped the grinders to appellee. Appellants did not include all the equipment that was subject to the agreement, requiring appellee to purchase additional parts. Appellants

sent an employee to install the grinders; however, the work was never completed. Appellants delivered two loads of blenders to appellee, but did not include a working control panel.

{¶5} On December 23, 2011, appellant Sergio DiPaulo sent a text message to Brian Stimer stating that a control panel had been damaged, but claimed that the damaged unit was not the control panel at issue in the instant action. Stimer accused DiPaolo of vandalizing the unit. To demonstrate that the control panel purchased by appellee was not damaged, DiPaolo sent photographs of the panel to appellee on December 24, 2011. However, the photographs show that wires were cut in the panel.

{¶6} Relationships between the parties broke down, and on March 7, 2012, appellants filed a mechanic's lien against appellee's property. Appellee filed the instant action on March 29, 2012, seeking damages for breach of contract, breach of implied warranty, unjust enrichment and quantum meruit, fraud, and slander of title. Appellee also sought a declaration that the mechanic's lien was void and unenforceable.

{¶7} The parties entered into a settlement agreement on August 9, 2012, requiring appellants to provide appellee with an operable control panel. Upon inspection on August 21, 2012, appellee found the panel to be inoperable and refused to sign the agreement.

{¶8} The case proceeded to a trial before a magistrate on both the merits of the case and on appellants' motion to enforce the settlement agreement on December 17, 2012.

{¶9} On April 4, 2013, before the magistrate had filed an opinion, the trial judge sent a letter to the parties stating in pertinent part:

{¶10}   "Please be advised I would like to provide counsel with a status report.  As you know this matter was heard by Magistrate Kristin Farmer as a bench trial.  Magistrate Farmer was appointed by the Governor to the vacant judgeship here in Stark County.  Since that appointment, Judge Farmer has been in trial handling cases that were on the docket she received.  I would expect a findings [sic] in your case in the next three weeks.  We apologize for the delay.  The only option is to have the matter reheard by the court or by a different magistrate and this would not be productive for the parties.  This has been a situation that was unanticipated by all at the time the trial was heard.  We do apologize to everyone involved.  This matter will be concluded within the next week."

{¶11}   The magistrate's decision was filed on April 10, 2013, awarding appellee $25,000.00 for breach of contract.  The magistrate found that appellants had breached the contract by failing to install equipment, failing to perform in a workmanlike fashion, failing to complete work for appellee and failing to deliver all of the purchased equipment.  The magistrate found that the mechanic's lien filed by appellants was obtained in bad faith and some of the claims therein were fraudulent, and accordingly vacated the lien.  The magistrate overruled the motion to enforce the settlement agreement on the basis that appellants failed to meet the conditions necessary to fulfill their obligations under the agreement by failing to provide an operable control panel.

{¶12}   Appellants filed objections to the magistrate's report and a motion for new trial.  The trial court adopted the report of the magistrate and entered judgment in accordance with the decision of the magistrate, and overruled the motion for new trial.  Appellants assign two errors:

{¶13} "I.   THE TRIAL COURT'S DECISION ADOPTING THE MAGISTRATE'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IS CONTRARY TO LAW, AND IS AN ABUSE OF DISCRETION.

{¶14} "II.      THE TRIAL COURT'S DENIAL OF DIPAOLO INDUSTRIAL DEVELOPMENT'S MOTION FOR A NEW TRIAL IS AN ABUSE OF DISCRETION."

I.

{¶15} In their first assignment of error, appellants argue that the judgment awarding appellee damages of $25,000.00 for breach of contract is against the manifest weight of the evidence.

{¶16} A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St. 2d 279, 376 N.E.2d 578 (1978). As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings." *State ex rel. Celebrezze v. Environmental Enterprises, Inc.*, 53 Ohio St.3d 147, 154, 559 N.E.2d 1335 (1990).

{¶17} Appellants first argue that they rightfully withheld delivery of the control panel because appellee had not paid for the grinders and the blenders in accordance with the terms of the payment agreement.   Appellants rely on R.C. 1302.77(A), which provides:

{¶18} "Where the buyer wrongfully rejects or revokes acceptance of goods or fails to make a payment due on or before delivery or repudiates with respect to a part or the whole, then with respect to any goods directly affected and, if the breach is of the whole contract under section 1302.70 of the Revised Code, then also with respect to the whole undelivered balance, the aggrieved seller may:

{¶19} "(A) withhold delivery of such goods[.]"

{¶20} The court found that appellants had breached the contract by failing to install the equipment. The grinders were delivered upon receipt of payment, but appellants did not complete installation of the equipment. The evidence is undisputed that the blenders were delivered without a working control panel, and there was no evidence that appellants withheld the control panel because they had not received payment in accordance with the terms of the contract. The evidence presented at trial demonstrates that the control panel had been rendered inoperable while still in possession of appellants, and that appellant demanded an additional $42,000.00 from appellee to provide a working control panel. The evidence supports the court's finding that appellants breached the contract and that appellee was therefore not required to tender any further payment.

{¶21} Appellants next argue that installation of the equipment was not a part of the agreement. At trial, appellant Sergio DePaulo testified that he agreed to provide men from his company to install the equipment at appellee's facility. The only issue at trial was whether appellee was to pay appellants separately for installation, as testified to by DePaulo, or whether installation was a part of the purchase price, as testified to by Brian Stimer. The evidence was undisputed at trial that the parties agreed that

appellants would provide for disassembly of the equipment at appellants' facility and installation at appellee's facility; the only issue was whether appellee would provide labor to assist appellants' men in disassembly and installation and whether the labor costs were a part of the sale price. The decision finding that the parties agreed that appellants were responsible for installing the equipment is not against the manifest weight of the evidence.

{¶22} Finally, appellants argue that the court erred in its calculation of damages. The court found that appellee had paid $100,000.00 for equipment which had a market value of $80,000.00. The court found that appellee had further expended $5,000.00 to make the delivered equipment operational, for a total amount of damages of $25,000.00. Appellants argue that the proper measure of damages is the amount of damage directly resulting from the breach of contract, not the difference in market value.

{¶23} R.C. 1302.88(A) states:

{¶24} "(A) Where the buyer has accepted goods and given notification as provided in division (C) of section 1302.65 of the Revised Code, he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable."

{¶25} The measure of damages used by the court in this case is reasonable. The evidence is undisputed that appellee paid $100,000.00 to appellants. The evidence reflected that the blenders they received were worthless without the control panel. The value of the grinders was $80,000.00, as set forth in appellants' own exhibit. Appellee presented evidence that it expended $3,000.00 to fabricate parts to use part of the equipment, $1,500.00 to purchase a cyclone which was necessary to operate the

equipment, and labor costs to do additional work necessitated by appellants' failure to perform.

{¶26}   The judgment of the trial court is not against the manifest weight of the evidence.  The first assignment of error is overruled.

II.

{¶27}   In their second assignment of error, appellants argue that the court erred in overruling their motion for new trial.

{¶28}   Appellants' motion for new trial was based on Civ. R. 59(A)(1):

{¶29}   "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶30}   "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial[.]"

{¶31}   A court of appeals must affirm a trial court's decision to grant or deny a motion for a new trial unless it is shown that the trial court abused its discretion. *Jones v. Booker*, 114 Ohio App.3d 67, 682 N.E.2d 1023 (1996). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983).

{¶32}   Appellants have not demonstrated any irregularity in the proceedings which prevented them from having a fair trial.  Appellants interpret the letter from the judge, in which he suggested that a new trial was the only option other than waiting for the magistrate to render a decision, as recognition on the part of the trial judge that there was prejudicial irregularity in the proceedings below.  Appellants have

misinterpreted the letter from the judge. The judge did not suggest that he believed a new trial was warranted; rather, he suggested that the only option other than to continue to wait on the decision of the magistrate would be a new trial, which he specifically stated he did not believe would be productive. Further, upon receiving this letter, appellants did not respond immediately with a motion for a new trial, but instead they waited until the magistrate had issued a decision that was not favorable to them. The trial court was in the best position to consider the circumstances surrounding the delayed decision of the magistrate, and the court overruled the motion for new trial and entered judgment consistent with the decision of the magistrate. We find no abuse of discretion in the court's decision overruling the motion for new trial.

{¶33} The second assignment of error is overruled. The judgment of the Stark County Common Pleas Court is affirmed. Costs are assessed to appellants.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.