GERMAN VILLAGE PRODUCTS, INC., APPELLEE, *v.* MILLER, APPELLANT.

(No. 71-437—Decided May 23, 1972.)

*Messrs. Vorys, Sater, Seymour & Pease,* for appellee.
*Messrs. Greenlee, Snowden, Tsiliacos & Cameron,* for appellant.

REILLY, J. This is an appeal from a judgment of the Common Pleas Court rendered December 3, 1971, overruling defendant's, appellant herein, motion to vacate the sale of 64,551.2 shares of stock owned by defendant.

The record shows that a confession of judgment was taken against defendant June 15, 1971. The praecipe for a writ of execution was issued to levy on the goods and chattels of defendant, "being specifically certificates evidencing 71,651.2 class B common shares of German Village Products, Inc., held of record in the name of James B. Miller." The trial court overruled defendant's motion

for a temporary restraining order of the sale and, subsequently, signed a judgment entry of confirmation and distribution pursuant to said writ. The 64,551.2 class B common shares were sold at sheriff's sale for $16,000.

This court, upon appeal, found that the issue of the temporary restraining order was moot, as the stock had been sold. Defendant also filed a motion to vacate the sale, which the trial court overruled.

Defendant asserts two assignments of error:

"1. The trial court erred in overruling defendant-appellant's motion for temporary restraining order, restraining sale of defendant-appellant's 64,551.2 shares of stock.

"2. The trial court erred in overruling the defendant-appellant's motion to vacate the sale filed on July 12, 1971, and decided December 3, 1971, and to order a private sale of shares of stock."

The second assignment of error involves the primary questions in the case and, hence, is considered at the outset. First, we note that while there is doubt as to whether stock is subject to execution neither party has raised that question, and both have relied upon statutes pertaining to execution. Consequently, that issue is not before us.

Defendant's motion to vacate the sale includes seven grounds. The trial court reviewed the grounds and ruled upon each as a matter of law, but did not make a factual determination.

For the purpose of deciding this case, grounds one, three and five raise the determinative issues. They involve the same questions and, consequently, are considered together. In substance, the issues are the adequacy of the sale price, along with no opportunity to be heard upon the propriety of sale and confirmation. The motion was timely filed ten days after the sale.

The ultimate question raised by defendant's motion is whether a fair price was obtained by this procedure. The trial court never made a factual determination upon that issue either before or after the sale. Such a determination was avoided before the sale for the reason that it was

too late to stop the sale. This was not an abuse of discretion because the best evidence of whether a public sale brings an adequate price is the sale itself. The trial court, subsequently, overruled the motion to vacate as a matter of law, but, we particularly emphasize, it did so without making a factual determination as to whether the price was inadequate. The proper disposition of this issue requires a factual determination. This, in fact, ordinarily is done between the time of the sale and its confirmation. Further, we note that the issue of adequacy of price was raised before the sale, and that fact was available to any purchaser who examined the record.

The trial court stated, and counsel for both parties apparently conceded, that the book value of the shares was $1.12 per share. The 64,551.2 shares were purchased at the sale for $16,000, or less than 22% of book value and, apparently, there was only one bid. We recognize the rule that a judicial sale will not be set aside for trifling reasons or because of matters which should have been attended to by the complaining party. However, we note *Myers, Treas.,* v. *Duibley* (1952), 94 Ohio App. 228, at page 237, to wit:

"There is a marked and radical distinction between the situations, the rights of the parties and the established practice before and after the confirmation of the sale. The purchaser bids with full notice that the sale to him is subject to confirmation by the court, and that there is a power granted and a duty imposed upon the judicial tribunal when it comes to decide whether or not the sale shall be confirmed, to so exercise its judicial power as to secure for the owners of the property the largest practical returns."

See, also, 47 American Jurisprudence 2d 460, Judicial Sales, Section 201, and pages 580-581, Section 359.

Generally, a judicial sale can be set aside after confirmation only upon a showing of gross inadequacy of price. A trial court, however, upon sufficient evidence, may refuse to confirm a sale upon substantial inadequacy of price which is not, in the literal sense, gross. And, in this

case, there was no opportunity to again raise the issue of substantial inadequacy, a factor sufficient to set aside the sale, between the time of the sale and the time of its confirmation although such issue was raised prior to the sale. The confirmation entry was entered within twenty minutes after the sale.

It is axiomatic that creditors have a right to be paid, but not by means of selling property of the debtor by public sale at a small fraction of its value. Defendant has not attempted to avoid the payment of creditors by this motion. Rather, he has contended that the sale process must not only be conducted so that his property is sold at a fair price which will produce not only sufficient funds to pay his creditors but also, if feasible, in a way that would leave additional moneys over and above the amount due creditors for defendant.

The trial court found as a matter of law that the issue of book value "has nothing to do with the propriety of a sheriff's sale, nor state[s] a valid reason for vacating same." Such a finding strictly as a matter of law was error. We recognize, of course, that "book value" is not determinative of market value. The trial court, after an evidentiary determination, may properly find that the sale price is not inadequate. And we emphasize the burden of proof is upon defendant. Thus, the trial court, ruling upon evidence, may still overrule defendant's motion to vacate. Otherwise, it plainly has the power to grant relief from the order within Rule 60(B) of the Rules of Civil Procedure.

The other pertinent grounds in defendant's motion are now listed and discussed in order.

Defendant's second ground is that another judge should have heard the motion for a restraining order. The cognovit judgment was entered by one duty judge June 15, 1971, and the motion for a restraining order was heard by another July 1, 1971, pursuant to a court rule. This was not error.

The fourth ground is that an accounting of defendant's shares was refused during the second quarter of

1971. In the absence of a fraud allegation, such an accounting was not required.

The sixth ground is that a private sale should have been ordered by the trial court. This has been considered above, except we note that if the purchaser should be included as a party, as contended by plaintiff, such can be raised by Rule 19 of the Rules of Civil Procedure. Moreover, defendant states in this part of his motion: "Furthermore, the buyer at the sale is a relative of one of the board members of the plaintiff corporation which means he was acting on inside information." This allegation also raises an issue, if shown by evidence, concerning notice to the purchaser as to the value of the stock.

The seventh ground alleges improper advertising of the sale. It appears proper on its face. The sale was for cash, and payment was by certified check. The notice, however, did not indicate that any earnest money was payable at the time of sale. Therefore, cash was not due until the sale was confirmed.

In summation, the trial court ruled upon defendant's motion to vacate as a matter of law. The motion, however, raises issues of fact which require an evidentiary determination, with the burden of proof upon defendant. Therefore, defendant's second assignment of error is sustained.

As to defendant's first assignment of error, we previously overruled his motion for a temporary restraining order, in a decision rendered September 28, 1971. We did not decide the latent legal issues raised by that motion. It is now moot, however, and there was no abuse of discretion for the reasons stated above. Thus, the first assignment of error is overruled.

Accordingly, for the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings in accordance with this decision.

*Judgment reversed and cause remanded.*

HOLMES and WHITESIDE, JJ., concur.