DECISION AND JUDGMENT ENTRY
Robin K. Davis appeals the decision of the Pike County Court of Common Pleas, which confirmed the sale of the parties' marital property. Robin argues that the trial court erred in confirming the sale of the parties' half interest in a 66-acre parcel of land ("The Parcel") because the auction was not conducted pursuant to the advertisement and because The Parcel was sold for a grossly inadequate price. Because we find that there is some competent, credible evidence to support the trial court's decision that the auction began at the advertised time and because the trial court did not abuse its discretion in confirming a sale that was conducted pursuant to the parties' agreement made in open court, we disagree. Accordingly, we affirm the judgment of the trial court.
 I
The parties divorced in 1998. At the divorce trial, Donald read an agreement on the division of marital property into the record without objection by Robin. Under this agreement, the parties agreed to sell the marital property at auction and apply the proceeds to the marital debts. The parties' specified the auctioneer, the amount to be spent on advertising the auction, exactly what property would be auctioned and to which debts the proceeds would be applied. At Robin's request, the trial court later allowed the parties to change the auctioneer and set a new date.
Robin, through new counsel, also attempted to vacate this agreement. Nonetheless, the trial court adopted the agreement in its divorce decree.[1]
On March 20, 1999, the parties' marital property, including The Parcel, was sold at auction. Donald purchased it for five thousand dollars.
The trial court held several days of hearings on whether to confirm the sale of the marital property. Ronald Pfeifer, the auctioneer, testified that he did not require a contract to sell the property because he relied upon the trial court's order that the property be sold by auction.
According to Pfeiffer, he auctioned The Parcel first. He testified that he started the auction at 9:00 a.m. He explained that he relied on his watch, which he periodically verifies. He also testified that his watch kept accurate time. After he asked everyone at the auction if it was 9:00 a.m. and they all agreed, he began the auction. Pfeiffer immediately announced that the title to the property might be questionable.
Larry DePugh testified that he appraised the entire 66-acre parcel in April 1998 for $198,000. He testified that the value of the property could have changed when a road used to access the property, State Route 32, became a limited access highway after his appraisal. DePugh also testified that if the public was made aware of a potential cloud on a title to real estate, the bids on the property could be significantly reduced.
Donald testified that he attended the auction of the marital property. He testified that the auction began at 9:00 a.m. with the sale of The Parcel. He explained that the auctioneer started the bid at thirty thousand dollars, but no one bid on it. Donald bid five thousand dollars and because no one else bid on it, bought the property.
There was extensive testimony about the other one-half interest in the 66-acre parcel that the parties' transferred to the Seif brothers. There was an issue over whether Robin's signature on the deed was properly notarized and witnessed.
She testified that she went to Pfeifer's house the night before the auction to inform him of the complaint that she had filed regarding the Seif's half interest in the 66-acre parcel. Robin delivered a letter to Pfeifer with a copy of the lawsuit she had filed regarding the 66-acre parcel. In the letter she stated "I cannot in good faith warrant that title to this property would be free and clear to any potential buyer." Robin testified that when she arrived at the 66-acre parcel before 9:00 a.m., the auction on it was over. She testified that she never signed an auction contract with Pfeifer.
In June 1999, the trial court held in abeyance its decision regarding confirming the sale of The Parcel pending the outcome of a lawsuit filed by Robin regarding it. After Robin dismissed this lawsuit and we decided the appeal of the divorce, Donald moved for an order confirming the sale of The Parcel.
On July 10, 2001, the trial court confirmed the sale of The Parcel.[2]
The trial court noted Robin's argument that the price of The Parcel was grossly inadequate; however, the trial court found that the parties' agreed in open court about the manner and terms of the sale of marital property and indicated that the agreement was fair and equitable.
 II
In her only assignment of error, Robin argues that the trial court erred in confirming the sale of The Parcel because the sales price was grossly inadequate and because the sale was conducted before the advertised starting time.
A trial court has broad discretion in making divisions of property in domestic cases. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401;Berish v. Berish (1982), 69 Ohio St.2d 318, 23. We uphold a trial court's decision regarding divisions of property absent an abuse of discretion.Middendorf citing Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. See, alsoMartin v. Martin (1985), 18 Ohio St.3d 292, 294-295. An abuse of discretion is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In reviewing a trial court's factual determinations, we will not reverse as long as the record contains some competent, credible evidence supporting the determination. Sec. Pacific Bank v. Roulette (1986),24 Ohio St.3d 17, 20. The trial court is in the best position to judge credibility of testimony because it is in the best position to observe the witness's gestures and voice inflections. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77.
Because this case concerns a division of property in a domestic relations matter and because the parties agreed to the terms of the auction of the marital property in a separation agreement that was incorporated into the divorce decree, we find that the cases cited by Robin in her brief, i.e., Myers Treas. v. Duibley (1952),94 Ohio App.2d 228 (confirmation of a judicial sale); German VillageProducts, Inc. v. Miller (1972), 32 Ohio App.2d 288 (confirmation of a judicial sale) are inapposite because they do not deal with confirmation of a judicial sale of property pursuant to a separation agreement which was agreed to by the party contesting the judicial sale.
After reviewing the facts surrounding the sale of the parties' interest of the 66-acre parcel, we cannot find that the trial court acted in an unreasonable, arbitrary, or unconscionable fashion in confirming the sale of the parties' interest of the 66-acre parcel. The parties agreed in open court about the details of the sale. They did not set a minimum price for any of the marital property.
Moreover, there is some competent, credible evidence to support the trial court's implicit decision that the auction was carried out according to the parties' agreement, i.e., in conformity with the advertised time. The auctioneer and Donald testified that the auction started promptly at the advertised time, 9:00 a.m.
Therefore it was not unreasonable, arbitrary, or unconscionable for the trial court to confirm a sale of marital property pursuant to the parties' in-court agreement. Accordingly, we find that the trial court did not abuse its discretion and affirm the judgment of the trial court.
Judgment affirmed.
Abele, P.J., and Harsha, J., concur in judgment only.
[1] On appeal, we affirmed the trial court's judgment. Davis v. Davis
(Sept. 5, 2000), Pike App. No. 99CA630, unreported.
[2] The trial court had previously confirmed the sale of the other marital property via an entry filed on June 25, 1999.