[Cite as *Longworth v. Montgomery Cty. Treasurer*, 2012-Ohio-4442.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

CAMPHILL CONDOMINIUM OWNERS   :
ASSN.

     Plaintiff-Appellee          :        C.A. CASE NO.   25058

v.                            :        T.C. NO.   08CV6129

LOUISE LONGWORTH, et al.      :     (Civil appeal from
                                    Common Pleas Court)
     Defendant-Appellant      :

and                        :

MONTGOMERY COUNTY TREASURER   :

     Defendant-Appellee       :

                              :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   28th   day of   September   , 2012.

. . . . . . . . . .

WILLIAM H. MACBETH, Atty. Reg. No. 0014769, 401 E. Stroop Road, Kettering, Ohio 45429
     Attorney for Plaintiff-Appellee

JIM LONGWORTH, 1337 Camphill Way No. 3, West Carrollton, Ohio 45449
     Defendant-Appellant

GEORGE PATRICOFF, Atty. Reg. No. 0024506, 301 W. Third Street, 5th Floor, Dayton,

Ohio 45422

      Attorney for Defendant-Appellee

                     . . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of James Longworth, filed, February 28, 2012.  Longworth appeals from the trial court's January 31, 2012 "Decision, Order and Entry Overruling Motion to Vacate," which addressed multiple filings by James, and the Camphill Condominium Owners Association ("CCOA"), relating to the foreclosure by CCOA of its lien on a condominium where James resided in West Carrollton.  We hereby affirm the judgment of the trial court.

{¶ 2}    The CCOA filed its Complaint in Foreclosure on July 3, 2008, alleging that Louise Longworth, who died in 1995, was the record owner of Unit # 3 in Camphill Condominium, and that James Longworth, Louise's son, was in possession of the premises. According to the complaint, James was in default of payment of the CCOA's monthly assessments and violations assessments, and that $15,764.25 was due for the period of March, 2003 to February, 2006, which included $228.00 in attorney fees.  The complaint further alleged that an additional amount of $8,190.00 accrued for the period of March, 2006, through May, 2008, which included monthly charges of $200.00 in assessments, $100.00 in assessment violations and a $15.00 late fee.  The complaint alleged that said charges will continue to accrue at the rate of $315.00 per month.  According to the complaint, CCOA filed Certificates of Lien on March 14, 2005, for $11,669.25, and on October 10, 2007, for $10,065.00, which are valid and existing liens.  The complaint sought judgment in the amount of $23,954.25, plus attorney fees and interest, plus the additional

sum of $315.00 per month for assessments and late charges to become due during the pendency of the action. The complaint also sought to have its liens foreclosed and the unit appraised and sold. James, pro se, filed an answer and counterclaim, a motion to dismiss, an amended answer, a motion for summary judgment, and a notice of bankruptcy filing. CCOA filed a motion for summary judgment on December 8, 2008.

{¶ 3}     On March 5, 2009, the trial court dismissed the matter without prejudice due to the federal bankruptcy proceedings, and the matter was reactivated in June, 2009. In July, 2009, the court again dismissed the matter without prejudice due to James' second bankruptcy filing, and it reactivated the matter in December, 2009, and referred the matter to the magistrate.

{¶ 4}     On June 4, 2010, following a trial, the magistrate issued a judgment and decree of foreclosure. Based upon a stipulation by the parties, the magistrate granted judgment in favor of CCOA in the principal sum of $35,000.00 plus interest, commencing July 16, 2010, until the sale by the sheriff. No objections to the magistrate's decision were filed.

{¶ 5}     The unit was set for Sheriff's Sale on October 22, 2010, and the record reflects that it was appraised at a value of $84,000.00. After the unit did not sell, the record reflects that it was reappraised at $69,000.00, and set for Sheriff's Sale on January 28, 2011. Again, the unit did not sell.

{¶ 6}     On March 18, 2011, the trial court issued a decision adopting the magistrate's decision, and James filed a Notice of Appeal. In April, 2011, the unit was reappraised at $60,000.00. On May 17, 2011, James filed a motion to reopen case, in

which he asserted that the magistrate's judgment of foreclosure was not "final and enforceable" until adopted by the trial court, and that CCOA accordingly "caused the property to be improperly scheduled for sheriff's sale on multiple occasions." The trial court overruled the motion, finding it lacked jurisdiction due to James' pending appeal. James' appeal was dismissed on July 21, 2011, upon his motion, and James filed a second motion to reopen on July 26, 2011, as well as an amended motion, in which he requested that the most recent appraisal be vacated and the first appraisal be applied to the sale. CCOA opposed James' amended motion. On August 10, 2011, James filed a motion to stay the sale of the unit. The trial court issued an order granting James until August 26, 2011 to file a motion to vacate judgment.

**{¶ 7}** James timely filed his motion to vacate judgment, and a Sheriff's Sale set for September 2, 2011 was cancelled. On September 21, 2011, James filed a motion for an evidentiary hearing regarding his motion to vacate judgment, which CCOA opposed.

**{¶ 8}** In its decision overruling James' motion to vacate, the court analyzed James' motion pursuant to Civ.R. 60(B) as follows:

> After a review of all of the Defendant's filings, the following is the only language arguably devoted to meeting the criteria set forth by Civ.R. 60(B) is as follows (sic):

>> And finally the defendant states that he has other defenses related to the fact that the plaintiff based its case on an invalid "boiler plate" contract that was intended for a different and larger condominium community. The defendant

believes that, at trial, the court will find said contract completely inapplicable to condominium complexes living arrangements and entirely unenforceable. Any stipulations the defendant may have made leading to judgment were not made knowingly and willingly because of the defendant's extremely serious health conditions and powerful mind altering medications.

* * * These conclusory statements that he has other defenses based on a "boiler plate" contract that was intended for another condominium community do not set forth operative facts, that if proven, would entitle the sought after relief. Moreover, Defendant has not even attempted to demonstrate that he is entitled to relief under one of the grounds stated in 60(B)(1) through (5). Therefore, Defendant is not entitled to have the underlying judgment vacated in the instant action.

**{¶ 9}** Regarding the appraised value of the unit, the court determined as follows:

Plaintiff argues that if the property is ordered to be sold, the minimum bid should be set relative to the originally appraised value of $84,000.00. Plaintiff has attached a document from the Montgomery County Auditor entitled "Official Notice, 2011 Property Value Update," which explains that "[t]he value of [the] property for assessment purposes has been **tentatively** updated in accordance with Ohio law using mass appraisal techniques and an analysis of real estate market activity over the last three years." * * * The

valuation indicates a "Tentative 2011 Value" increase from $84,490 to $88,580. Defendant has not cited legal authority to support his position that this valuation, which is indicated as tentative, should be used over the statutorily compiled appraisal report filed in this action. The mere fact that the subject property was prematurely taken to sale does not change the fact that it was offered relative to the higher values without success. Thus, to reoffer the property at the higher value would be a futile endeavor.

The court overruled James' motion to reopen and his motion to vacate, and it overruled his motion for an evidentiary hearing as moot.

{¶ 10} We initially note that James' brief does not comply with the requirements of Rule 16 of the Ohio Rules of Appellate Procedure, which provides that an appellate brief must contain a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected, as well as a statement of the issues presented for review. James asserts that the trial court confused the parties in its decision, and further he requests that the unit be offered for sale at $84,000.00, the amount of the original appraisal.

{¶ 11} As this Court has previously noted:

Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect," (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment has been satisfied, released or discharged, or (5) any other reason justifying

relief from the judgment. To prevail on a Civ.R. 60(B) motion, the movant must show that (1) he has a meritorious defense or claim to present if relief were granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5), and (3) his motion is timely. *GTE Automatice Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St. 2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All three elements must be established, and "the test is not fulfilled if any one of the requirements is not met." * * *. *Fifth Third Bank v. Dayton Lodge Ltd. Liab. Co.*, 2d Dist. Montgomery App. No. 24843, 2012-Ohio-3387, ¶ 20.

{¶ 12} We review the denial of James' motion for an abuse of discretion. *Id.*, ¶ 21. As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 13}  Having thoroughly reviewed the record, we conclude that an abuse of discretion is not demonstrated.   R.C. 2329.17 provides that "three disinterested freeholders" appointed by the sheriff shall provide an appraisal for purposes of foreclosure, and R.C. 2329.31 provides that the trial court may confirm the sale if it was made in compliance with R.C. 2329.01 to 2329.61 "in all respects."   We note that the Civil Real Estate Appraisals in the record are signed by a deputy sheriff and provide, "I certify that the above named appraisers are disinterested freeholders, residents of Montgomery County and were duly sworn to appraise impartially the above described premises, upon actual view."

{¶ 14}   The "best evidence of whether a public sale brings an adequate price is the sale itself," and the issue of inadequacy of price is properly raised after confirmation of the sale.  *German Village Products Inc. v. Miller*, 32 Ohio App.2d 288, 290 N.E.2d 855 (10th Dist. 1972).   We further agree with the trial court's determination that increasing the price of the unit after it did not sell at a lower price would be futile.   Finally, we conclude that the trial court's alleged confusion of the parties in its judgment entry is an inadvertent typographical error.   In other words, James has failed to demonstrate that he is entitled to relief under one of the grounds stated in 60(B)(1) through (5), and that he has a meritorious defense to present if relief were to be granted.

{¶ 15}   There being no merit to James' assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

William H. Macbeth
Jim Longworth
George Patricoff
Hon. Dennis J. Langer