[Cite as *Ray v. Ramada Inn N.*, 2012-Ohio-6226.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JEFF JOHN RAY | : | |
| | : | Appellate Case No. 25140 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 04-CV-3309 |
| v. | : | |
| | : | |
| RAMADA INN NORTH, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of December, 2012.

. . . . . . . . . . .

RICHARD B. REILING, Atty. Reg. #0066118, 5045 North Main Street, Suite 320-D, Dayton, Ohio 45415
     Attorney for Plaintiff-Appellant

BRIAN L. WILDERMUTH, Atty. Reg. #0066303, Subashi & Wildermuth, The Greene Town Center, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440-1385
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Jeff John Ray appeals from the trial court's denial of his Civ.R. 60(B) motion for relief from an adverse judgment in his slip-and-fall case against appellee Ramada Inn North.

{¶ 2}    In his sole assignment of error, Ray contends the trial court erred in denying him relief from judgment on the basis of his disability.

{¶ 3}    The record reflects that Ray sued Ramada Inn after he fell on the hotel's ceramic tile floor in 2001. For various reasons, including a dismissal and refiling under Civ. R. 41(A), two appeals to this court, and plaintiff's personal bankruptcy, the case did not proceed to trial until July 2010. At that time, a jury returned a verdict in Ramada Inn's favor. In an interrogatory, the jury rejected Ray's claim that wax on the tile floor caused his fall. On August 4, 2010, the trial court entered judgment for Ramada Inn. Ray appealed but later voluntarily dismissed the appeal.

{¶ 4}    On August 4, 2011, Ray moved for relief from judgment under Civ.R. 60(B)(2) and (5). In support, he provided an affidavit in which he averred:

1. Affiant makes this affidavit on the basis of his personal knowledge

2. Affiant further states that he is the Plaintiff in the above captioned matter.

3. Affiant further states that in or about 2007 he suffered a stroke which affected his memory. Given this fact, Affiant had difficulty during the course of the trial remembering how the incident occurred.

4. Affiant further states that immediately following the incident set forth in the complaint in this matter he took pictures of the scene. True copies of these photographs are attached herewith as Exhibit "A."

5. Affiant further states that following his stroke he believed that these photographs had been lost following his move from Vandalia. After the trial, however, he accidentally came upon these photographs while cleaning his

house.

6. Affiant states that the attached photographs demonstrate the true scene at the time of the incident.

(Doc. #3 at Ray affidavit).

**{¶ 5}** In an accompanying memorandum, Ray argued that his photographs were materially different from photographs introduced by Ramada Inn at trial. Most significantly, he claimed Ramada Inn's photographs "showed new tile of a different make." According to Ray, this was important because he claimed to have fallen on tile that had been waxed and Ramada Inn argued that the tile in its pictures was not waxed. In his Civ.R. 60(B) motion, Ray asserted that the tile shown in his pictures could be waxed. He also asserted that his pictures showed a "chunk" of floor missing and a mat covered with "dirt and debris."

**{¶ 6}** In opposition to Ray's motion, Ramada Inn argued that his photographs did not qualify as "new evidence" under Civ.R. 60(B)(2). Ramada Inn also argued that relief was not proper under Civ.R. 60(B)(5). In a reply memorandum, Ray urged the trial court to find him entitled to relief under Civ.R. 60(B)(1) on the basis of "excusable neglect" and Civ.R. 60(B)(4) on the basis that Ramada Inn had committed "fraud" by presenting its photographs at trial.

**{¶ 7}** The trial court overruled Ray's motion in a March 20, 2012 decision, order, and entry. (Doc. #11). It reasoned:

* * * A party may be relieved from judgment for the following reasons:

"(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time for a

new trial under Rule 59(B); (3) fraud …, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment." Plaintiff argues that he misplaced the photographs and his serious health conditions prior to trial added to the confusion about the whereabouts and existence of the photographs. He argues that such constitutes excusable neglect.

This Court finds, however, that neither Ohio Civ. R. 60(B)(1) nor 60(B)(2) applies to the case at bar. Defendant has presented evidence that the photographs were discussed in a deposition as early as 2003. Thus, counsel for Plaintiff, as well as Plaintiff himself was aware of them. Thus, excusable neglect does not apply when they simply were not located or used at trial. Further, they cannot be construed as newly discovered evidence when their existence was known to all parties in 2003. Finally, Plaintiff asserts that Ohio Civ. R. 60(B)(3) is an appropriate ground to vacate the judgment because the photographs presented at trial by Defendant were so markedly different from Plaintiff's photographs that they constituted fraud. The Court finds this argument to be without merit as there is no evidence of fraud by Defendant, and, as set forth above, Plaintiff was aware of both sets of photographs at the time of trial.

Finally, based on the fact that Plaintiff and his counsel had knowledge of the

photographs since 2003, there is no basis to vacate the judgment in favor of Defendant under Ohio Civ. R. 60(B)(5).

(*Id.* at 2-3).

**{¶ 8}** To prevail on a Civ.R. 60(B) motion, the movant must show that he has a meritorious claim or defense to present, that he is entitled to relief under at least one of the grounds found in Civ.R. 60(B)(1) through (5), and that the motion is timely. *Longworth v. Montgomery Cty. Treasurer*, 2d Dist. Montgomery No. 25058, 2012-Ohio-4442, ¶11. We review the denial of a Civ.R. 60(B) motion for an abuse of discretion. *Id*. at ¶12. An "abuse of discretion" means "an attitude that is unreasonable, arbitrary or unconscionable." *Id.* "'It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.'" *Id.*, quoting *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "'A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.'" *Id.*

**{¶ 9}** On appeal, Ray's entire argument is as follows:

In the case presently at bar it was clear from the testimony at trial that Appellant has suffered a series of severe medical issues since the time of the accident which have adversely affected his memory, his ability to successfully communicate and to assist in the prosecution of this case. It is well settled that severe illness can be a compelling reason for relief from judgment. *Yuhanick v. Cooper*, (Nov. 16, 1998), Columbiana App. No. 96-CO-45, 1998 Ohio App.

LEXIS 5527, 1998 WL 811355, *5. See *Fouts v. Weiss-Carson* (1991), 77 Ohio App.3d 563, 566, 602 N.E.2d 1231. In this case, however, although the Trial Court was made aware both by way of the subject motion and the evidence at trial that Appellant suffered from a serious medical issue (stroke) that arose several years after the case was originally commenced and likewise made aware that this condition had caused memory loss and other cognitive damage, the Trial Court made no effort to determine whether the condition materially contributed to Appellant's inability to locate the photographs. Furthermore, Appellant respectfully submits that in the event that the Trial Court had any doubt as to whether Appellant's mental condition so contributed the Trial Court [w]as obligated to conduct an evidentiary hearing on this issue.

(Appellant's brief at 4-5).

{¶ 10} Upon review, we find no abuse of discretion in the trial court's denial of Ray's Civ.R. 60(B) motion. As an initial matter, the cases he cites involved alleged "excusable neglect" under Civ.R. 60(B)(1). *Fouts* at 566; *Yuhanick* at *5. In his motion, Ray sought relief under Civ.R. 60(B)(2) and (5). He first mentioned Civ.R. 60(B)(1), belatedly, in his reply brief in the trial court.

{¶ 11} Even setting aside the foregoing issue, which Ramada Inn has not raised, the trial court acted within its discretion in denying Ray's motion. We do not dispute that "severe illness" throughout a relevant time frame could constitute excusable neglect under Civ.R. 60(B)(1). The trial court reasonably could have concluded, however, that Ray's affidavit did not sufficiently establish his 2007 stroke as the cause of his failure to present his photographs at trial in 2010. In paragraph three of the affidavit, Ray averred generally that the stroke had

"affected his memory" and caused him "difficulty" during trial. In paragraph four, he averred that he had taken photographs immediately after his 2001 fall. Finally, in paragraph five, he averred that "following his stroke he believed that these photographs had been lost following his move from Vandalia" but that he found them after his trial "while cleaning his house." In its ruling, the trial court expressly recognized Ray's claim that "his serious health conditions prior to trial added to [his] confusion about the whereabouts and existence of the photos." (Doc. #11 at 3). Almost immediately after making this observation, the trial court found that excusable neglect did not exist because the photographs "simply were not located[.]" (*Id*.). The trial court plainly was aware of Ray's illness when it addressed his excusable-neglect argument. Moreover, plaintiff's "new" photos had already surfaced during plaintiff's January 28, 2003 deposition. (Ray depo., January 28, 2003, at 89-94). They were produced by Ray's attorney at the time and Ray was specifically questioned while looking at the pictures. (*Id.*) In finding that his photographs "simply were not located," the trial court necessarily rejected the argument that Ray's illness constituted excusable neglect resulting in the missing pictures. That decision was not an abuse of discretion.

{¶ 12}   In any event, we find no error in the trial court's ruling for a second, more fundamental reason: the photographs on which Ray relied in his Civ.R. 60(B) motion are insufficient to prove the existence of a meritorious claim. In his motion, Ray alleged that his photographs showed older tile on the floor, whereas Ramada Inn's trial photographs depicted "new tile of a different make." (Doc. #3 at 2). Ray made this argument to counter Ramada Inn's claim—upon which it prevailed at trial—that the tile floor shown in its trial exhibits was

not waxed.[1] Ray insisted that the older tile floor shown in his photographs may have been waxed. This issue is significant because Ray previously attributed his fall to excessive wax on the floor. *See*, *e.g., Ray v. Ramada Inn North*, 171 Ohio App.3d 1, 2007-Ohio-1341, 869 N.E.2d 95, ¶35, 37, 75.

{¶ 13} Having examined Ray's photographs and the photographs Ramada Inn introduced at trial, we are convinced, beyond any doubt, that they depict the same tile floor.[2] In both sets of pictures the tile is of the same size and color, the grout lines are in precisely the same locations, the cove base seam on the brick wall is in precisely the same location, and the sizes of the partially cut tiles around the door and along the wall are all the same. We see only one real difference between the two sets of photographs. Ramada Inn's photographs depict a replacement of what appears to be an odd 5" by 6" tile at the precise location where there was a missing 5" by 6" tile in Ray's photographs. Despite this difference, the mere presence of the odd tile location, repaired or not, demonstrates that Ramada Inn's photographs did not depict a new floor "of a different make," as Ray alleged in his Civ.R. 60(B) motion. If Ramada Inn had re-tiled its floor, the odd location of the missing and repaired tile would no longer have existed at all.[3]

---

[1] At the conclusion of Ray's trial, the jury answered an interrogatory and found that wax was not present on Ramada Inn's floor at the time of his fall.

[2] Ramada Inn's photographs are Exhibit F in its trial exhibits. Color copies of Ray's photographs were submitted with Ramada Inn's original memorandum in opposition to the Civ.R. 60(B) motion. To be viewed in color, the memorandum must be accessed via the Montgomery County Clerk of Courts' website.

[3] In his appellate brief, Ray stresses that his photographs also showed the unrepaired tile and some dirt and debris on a mat. Although this is true, the record reflects that prior to trial Ray attributed his fall to wax on the floor, not the unrepaired hole or the presence of dirt and debris. (*See* Ray depo., January 28, 2003, at 69-70). At trial, Ray also argued that he fell due to wax being on the floor. The jury

**{¶ 14}** Although the trial court did not rely on the fact that Ray's photographs failed to depict a different tile floor, Ramada Inn made that argument below. In opposition to Civ.R. 60(B) relief, Ramada Inn argued: "* * * Plaintiff grasps at straws when he claims that the 'newly found' photographs show a tile of a different make than the tiles depicted in the photographs submitted into evidence. The tiles are the same. Plaintiff's claim is a red-herring." (Doc. #7 at 4). Because Ramada Inn made this argument below, we also may affirm the trial court's judgment on the additional grounds that Ray's photographs depict the same tile floor that Ramada Inn's photographs depicted. *See Non-Employees of Chateau Estates Resident Assn. v. Chateau Estates*, Ltd., 2d Dist. Clark No. 2007-CA-81, 2008-Ohio-5463, ¶20 (recognizing that "we may affirm a correct judgment based on alternative grounds raised below").

**{¶ 15}** We realize, of course, that to obtain relief from judgment under Civ.R. 60(B) a movant must only allege the existence of a meritorious claim or defense. A movant is not required to prove that he will prevail. *Liberty Nursing Ctr. of Englewood, Inc. v. Valentine*, 2d Dist. Montgomery No. 24685, 2012-Ohio-1096, ¶55. Here Ray alleged that Ramada Inn's photographs showed a new tile floor and that his photographs depicted an older tile floor that may have been waxed. Although such an allegation ordinarily might be sufficient under Civ.R. 60(B), we cannot ignore the fact that Ray's photographs disprove his claim as they indisputably show the same tile floor that Ramada Inn's photographs showed. Given that Ray's photographs affirmatively negate the existence of his proffered meritorious claim, the

rejected his claim, finding in an interrogatory that no wax was on the floor when he fell. Moreover, we note that the existence of the missing piece of tile in the tile floor was brought out at trial.

trial court did not err in denying his motion. The trial court was not required to grant Ray relief from judgment so he could introduce photographs that were not materially different from the ones Ramada Inn had used.

{¶ 16}   Finally, with regard to Ray's argument about a hearing, we note that he did not request a hearing below. In light of our conclusions above, we do not believe the trial court abused its discretion in failing to order a hearing sua sponte.

{¶ 17}   Ray's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.


Copies mailed to:

Richard B. Reiling
Brian L. Wildermuth
Hon. Barbara P. Gorman