[Cite as *Bank of New York Mellon v. Ackerman*, 2016-Ohio-960.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26779 |
| | : | |
| v. | : | T.C. NO. 09CV3194 |
| | : | |
| GREGORY T. ACKERMAN, et al. | : | (Civil appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____11th____ day of _____March_____, 2016.

. . . . . . . . . .

SCOTT A. KING, Atty, Reg. No. 0037582 and TERRY W. POSEY, JR., Atty. Reg. No. 0078292, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342
      Attorneys for Plaintiff-Appellee

GREGORY T. ACKERMAN, 556 Shadowlawn Avenue, Dayton, Ohio 45419
      Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Gregory T. Ackerman and Joyce L. Ackerman, filed July 29, 2015. The Ackermans appeal from the June 29, 2015 "Final and Appealable Decision, Order and Entry Overruling Defendants' Motion for Relief from Judgment," issued in favor of The Bank of New York Mellon, fka

The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Bear Stearns Asset-Backed Certificates, Series 2005-SD1 ("BNYM"). We hereby affirm the judgment of the trial court.

**{¶ 2}** BNYM filed a complaint in foreclosure against the Ackermans on April 21, 2009, seeking judgment on the balance due on a Note and to foreclose on a Mortgage securing the payment of the Note. The subject property is located at 556 Shadowlawn Avenue. On November 11, 2010, the trial court granted BNYM's Motion for Summary Judgment and entered a Decree in Foreclosure. This Court affirmed the decision of the trial court in *Bank of N.Y. Mellon v. Ackerman*, 2d Dist. Montgomery No. 24390, 2012-Ohio-956.

**{¶ 3}** On May 3, 2013, the Shadowlawn property was sold to Freshzone Products, Inc. ("Freshzone"), for $73,100.00 at sheriff's sale; Freshzone paid 10% of the purchase price as a down payment, and the sale was confirmed on June 20, 2013. On August 23, 2013, BNYM filed a "Motion to Vacate Journal Entry Confirming Sale, to Set Aside Sheriff's Sale and to Punish Purchaser as for Contempt." According to BNYM, Freshzone failed to remit to the Sheriff the balance of its successful bid. On January 16, 2014, the magistrate sustained BNYM's motion.

**{¶ 4}** On February 3, 2014, the trial court adopted the magistrate's decision. On the same day, the Ackermans filed both objections to the magistrate's decision and "Defendant's Motion for Leave of Court to File 'Out of Rule.' " On February 4, 2014 the court issued an "Order and Entry Finding Defendant's Motion for Leave of Court to File 'Out of Rule' to be Moot." The court determined that the Ackermans' objections were untimely since "Defendants had until January 31, 2014 to file their objections to the

magistrate's decision." The court determined as follows:

> The Court further finds in *Defendant's Objections to Magistrate Judge Decision* that Defendants do not move the Court's *Judgment Entry Adopting Magistrte's Decision* to be vacated pursuant to Civ.R. 60(B) or otherwise, nor have Defendants appealed the Court's final judgment entry pursuant to App.R. 4. Although Defendants' opportunity to initiate an appeal of the Court's final judgment entry remains as of the date of this entry, the Court must interpret *Defendant's Objections to Magistrate Decision* as a motion for reconsideration. Therefore, upon consideration made pursuant to [*Murray v. Goldfinger*, 2d Dist. Montgomery No. 19433, 2003-Ohio-459, ¶ 5], the Court finds *Defendant's Objections to Magistrate Judge Decision* to be a nullity, and thus moot. For purposes of clarity, this entry shall not be considered a final appealable order.

{¶ 5} On February 11, 2014, the Ackermans filed a "Judicial Notice of Time Upon Defendant's Objections to the Magistrate Judge Decision," in which they argued that their objections were timely filed, citing Civ.R. 5(B)(2)(c) and Civ.R. 6. On February 13, 2014, the court issued a "Notice to Parties on Defendants' Judicial Notice of Time Upon Defendant's Objections to the Magistrate Judge Decision." Therein the court noted that the Ackermans failed to appeal its decision adopting the magistrate's decision and were accordingly limited to seeking relief pursuant to Civ.R. 60(B). The court noted as follows: "However, [the Ackermans] merely rely on Civ.R. 6 in their 'Judicial Notice.' " Civ.R. 6 provides in relevant part: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other

document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period. * * *." Civ.R. 6(D). The Court concluded that "although [the Ackermans] move the Court in their 'Judicial Notice,' because such notice is not captioned as a motion nor does it rely upon Civ.R. 60(B), the Court cannot rule on the merits of any motion therein." The court noted, "for the sole purpose of clarity to the parties," that the three additional days provided in Civ.R. 6 does not apply to extend the 14-day time period for filing objections to a magistrate's decision, citing in part, *Duganitz v. Ohio Adult Parole Auth.,* 92 Ohio St.3d 556, 558, 751 N.E.2d 1058 (2001).

{¶ 6} On February 19, 2014, the Ackermans filed a "Motion for 2nd Judicial Notice Request Pursuant to Evid.R. 102 and Substantial Rights, Motion for Time (Civ.R.6) Upon Defendant's Timely Objections to Magistrate Judge Decision, Motion for Relief Pursuant to Civ.R. 60(A) and (B)," asking the court to vacate its judgment adopting the magistrate's decision. In a section entitled "Substantive Law and Substantive Right," the Ackermans cited Civ.R. 53 and Civ.R. 6, and they asserted in part as follows:

> * * *[T]he Defendant's (sic) objection to the magistrate decision are (sic) timely, authorized and conforming to these Ohio Rules of Civil Procedure for objecting the magistrate's decision, which is due by time computation on February 03, 2014. A show cause of 14 days to file "objections to magistrate decision", plus 3 days "service by mail", plus, 1 day for the "next succeeding day which is not, . . . a Sunday" equals 18 days from the magistrate decision filed on January 16, 2014. In conclusion, the court's "Judgment Entry Adoption of the Magistrate's Decision" filed on

February 03, 2014 at 3:43 PM is premature and imprudent to the Defendant's (sic) fair objection to the magistrate decision, and moot to this court proceeding.

{¶ 7} In a section entitled "Motion for Relief from Judgment or Order," the Ackermans asserted as follows:

The Defendants motion the court with good cause and timely show cause merit (sic) in presenting their valid adjudicative facts and proper conclusions of law for remedies of relief, have timely filed their "Defendant's Objections to the Magistrate Judge Decision" on February 03, 2014 for non-prejudicial sua sponte action of the court based on these above invoked rules of law. The Defendants now also invoke Civ.R. 60(A) and (B) for addition[al] measures of remedies of relief from all judgments and orders pursuant to this court's; oversight, omission and mistakes * * *.

{¶ 8} BNYM replied to the motion on March 5, 2014, asserting that "[a]lthough Defendants cite to Civil Rule 60(B), they make no reference to how this Rule applies to their case, nor do they raise any error upon which their Motion is based." Also on that date, the Ackermans filed a Notice of Appeal, which resulted in Montgomery County Case No. CA 26118, which this Court dismissed on March 31, 2015 for failure to file an appellate brief and prosecute the appeal. The trial court did not rule upon the Ackermans' February 19, 2014 motion while the appeal was pending.

{¶ 9} In ruling in favor of BNYM and denying the Ackermans' motion on June 29, 2015, the trial court initially quoted Civ.R. 53(D)(4)(e)(i), which provides that "[i]f the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing

of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections * * *."  The court noted that this rule does not apply herein, since the court's entry adopting the magistrate's decision was filed 18 days after the magistrate's decision was issued, and accordingly, the Ackermans were not entitled to an automatic stay.  After noting that it had previously addressed the Ackermans' argument that the court erred in in its computation of time for the filing of objections to a magistrate's decision in the court's February 13, 2014 "Notice to Parties on Defendants' Judicial Notice of Time Upon Defendant's Objections to the Magistrate Judge Decision" the court concluded that it "has not yet addressed" the Defendants' request for relief from Judgment pursuant to Civ.R. 60.

{¶ 10} The court then considered Civ.R. 60(A) and (B) and conducted the following analysis:

> * * *
>
> With respect to Defendants' request that the Court invoke Civ.R. 60(A), the Court finds such arguments to be unpersuasive, as the Court's previous *Judgment Entry Adopting Magistrate Decision* contains no clerical errors or omissions which would permit relief under this rule. * * *In the instant matter, the Defendants are arguing that the Court made a legal and/or factual mistake in its computation of the time for filing objections to the *Magistrate's Decision*, which is substantive in nature and therefore governed by Civ.R. 60(B). * * * Accordingly, the Defendants' motion will be considered under Civ.R. 60(B).

With respect to Civ.R. 60(B), the Court acknowledges that it is without authority to sua sponte vacate its previous judgment entries under this rule, and that it must consider the merits of the Defendants' arguments. * * * Upon consideration of the respective arguments of the parties, the Court finds that the Defendants have failed to demonstrate that they are entitled to relief under Civ.R. 60(B). The Defendants have not specified that they are entitled to relief under one of the grounds of Civ.R. 60(B)(1) through (5), which is a requirement under the *GTE* [*Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976)] test. * * * Even if this Court were to construe the Defendants' argument that the Court was mistaken in its computation of time for the filing of objections as a motion for relief from judgment pursuant to Civ.R. 60(B)(1), the Second District Court of Appeals has held that " ' a motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision.' " * * * Accordingly, the Defendants have failed to meet the second prong of the *GTE* test. * * * Further, the Defendants have failed to present a meritorious defense as required under the first prong of the *GTE* test. * * *

Accordingly, the Defendants failed to meet the first and second prongs of the *GTE* test. * * * As the Defendants have failed to make a prima facie showing that the ends of justice would be better served by setting aside this Court's previous judgments, the Court hereby overrules *Defendants' Motion for Relief from Judgment*, the sole remaining issue as

contained in Defendants' *Motion for 2nd Judicial Notice Request of Defendant's Objections to the Magistrate Judge Decision.*

**{¶ 11}** Prior to addressing the Ackermans' assigned errors herein, we note that the caption of their brief contains a jury demand, and that the body of their brief contains a motion for appointment of counsel. A jury demand is not properly asserted in an appellate brief, and this Court denied the Ackermans' motion for appointment of counsel by entry dated Nobember 24, 2015.

**{¶ 12}** The Ackermans assert two lengthy assignments of error herein which may be summarized together; according to the Ackermans, the trial court created a "prejudicial omission" of the automatic stay provided for in Civ.R. 53(D)(3)(b)(i), and further, the Ackermans assert that their objections were timely filed based upon the application of Civ.R. 6. BNYM responds that the Ackermans are not entitled to relief under Civ.R. 60. In Reply, the Ackermans assert that their "timely filed" objections are a "meritorious defense invoking an 'automatic stay' of the proceedings (beginning 02/03/2014)."

**{¶ 13}** Civ.R. 60 provides as follows:

(A) Clerical mistakes

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *

(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.

On motion and upon such terms as are just, the court may relieve a

party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules

{¶ 14} This Court reviews the denial of both Civ.R. 60(A) and Civ.R. 60(B) motions for an abuse of discretion. *Brush v. Hassertt*, 2d Dist. Montgomery No. 21687, 2007-Ohio-2419, ¶ 25 ("Because a trial court is in the best position to know what it actually meant, we give considerable deference to its ruling on a Civ.R. 60(A) motion and will not reverse absent an abuse of discretion. * * *."); *Ray v. Ramada Inn N.*, 2d Dist. Montgomery No. 25140, 2012-Ohio-6226, ¶ 8 ("We review the denial of a Civ.R. 60(B) motion for an abuse of discretion."). As this Court has noted:

* * * An "abuse of discretion" means "an attitude that is unreasonable, arbitrary or unconscionable." * * * " 'It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.' " *Id.*, quoting *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). " 'A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.' " *Id.*

(Citation omitted.) *Ray* at ¶ 8.

{¶ 15} Regarding the application of Civ.R.60(A), this Court in *Brush* noted as follows:

" 'The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be [so] corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner.' "

(Citations omitted.) *Id.*, ¶ 26.

{¶ 16} As noted above, the Ackermans' motion sought to have the trial court's

decision adopting the magistrate's decision vacated. Civ.R. 60(A) by its plain language does not contemplate such relief, and we agree with the trial court that its decision contains no clerical errors or omissions subject to correction under Civ.R. 60(A).

{¶ 17} Regarding the application of Civ.R. 60(B), as this Court has further noted:

To prevail on a Civ.R. 60(B) motion, the movant must show that he has a meritorious claim or defense to present, that he is entitled to relief under at least one of the grounds found in Civ.R. 60(B)(1) through (5), and that the motion is timely. *Longworth v. Montgomery Cty. Treasurer*, 2d Dist. Montgomery No. 25058, 2012–Ohio–4442, ¶ 11.

*Ray,* ¶ 8. Failure to establish any one of these three requirements is fatal to relief pursuant to Civ.R. 60(B). *Deutsche Bank Trust Co. Americas v. Ziegler*, 2d Dist. Montgomery No. 26287, 2015-Ohio-1586, ¶ 3. " 'A "meritorious defense" means a defense "going to the merits, substance, or essentials of the case." * * * Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside.' * * *." (Citations omitted.) *GMAC Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 32 (2d Dist.).

{¶ 18} A motion pursuant to Civ.R. 60(B) "is not a substitute for appeal. * * * Grounds for Civ.R. 60(B) relief must be those stated in the rule, not grounds that should have been asserted in an appeal." *Conley v. Conley*, 2d Dist. Miami No. 2002-CA-1, 2002-Ohio-4332, ¶ 12. We also note, as did the trial court, that a " 'motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision. * * * The type of mistake contemplated by Civ.R. 60(B)(1) is a

mistake by a party or his legal representative, not a mistake by the trial court in its legal analysis. * * *.' " (Citations omitted). *Ford Motor Credit Co. v. Cunningham,* 2d Dist. Montgomery No. 20341, 2004-Ohio-6226, ¶ 15.

{¶ 19} As this Court has previously noted, the doctrine of res judicata "bars all claims that were litigated in a prior action as well as claims which might have been litigated in that action." *Deaton v. Burney*, 107 Ohio App.3d 407, 669 N.E.2d 1 (2d Dist. 1991). As BNYM asserts, "the Ackermans prosecuted an appeal from the Judgment Entry [adopting the magistrate's decision], and lost. They do not get a second bite at the apple through a post-judgment motion." In other words, the Ackermans cannot rely upon Civ.R. 60(B) to assert arguments which are barred by the doctrine of res judicata.

{¶ 20} Further, as the trial court noted, the Ackermans failed to assert a meritorious defense going to the merits of BNYM's case against them, and they accordingly failed to establish that the ends of justice would be better served by setting aside the trial court's adoption of the magistrate's decision. The Ackermans' argument that the trial court improperly "omitted" the automatic stay provided in Civ.R. 53(D)(4(e)(i) and erred in failing to apply Civ.R. 6 does not constitute a meritorious defense against BNYM's claims (and is baseless, since the objections were untimely, as the trial court correctly determined more than once). Finally, the trial court correctly found that the Ackermans failed to specify that they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5).

{¶ 21} Since an abuse of discretion is not demonstrated, the Ackermans' assigned errors are accordingly overruled. The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Scott A. King
Terry W. Posey, Jr.
Gregory T. Ackerman
Hon. Dennis J. Langer